IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BILL GROSSNICKLE,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC. dba WALMART SUPERSTORE NO. 2074, and JOHN DOE,<br><br>    Defendants, | Case No. 3:22-cv-00242-JMK<br><br>**ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO STAY DISCOVERY** |
| WALMART, INC. dba SUPERCENTER STORE NO. 2074<br><br>    Third Party Plaintiff,<br><br>vs.<br><br>CBRE, INC., VALLEY CAPITAL, INC. and DENALI INDUSTRIAL, LLC,<br><br>    Third Party Defendants. | |

At Docket 45 is Third-Party Defendant CBRE, Inc.'s, Motion to Stay Discovery (the "Motion"). At Docket 49 Plaintiff Mr. Grossnickle filed a Response to CBRE's Motion. At Docket 50 Third-Party Walmart, filed a Response in Opposition to CBRE's Motion. Lastly, at Docket 51 Valley Capital Inc. filed a Response to Motion (Non-Opposition). As set forth below, the Court hereby **DENIES** CBRE's Motion.

## I. BACKGROUND

At Docket 38 the parties submitted a Stipulation to Extend Initial Disclosures and Preliminary Witness Lists (the "Stipulation").[1] The stipulation requested new deadlines for initial disclosures and preliminary witness lists as July 28th and 31st, respectively.[2] Confusingly, the Stipulation also contained the following statement: "CBRE's position remains that discovery should not be conducted as to the Third-Party Complaint until the Court has ruled on the jurisdictional issue."[3] At Docket 39, the Court granted the Stipulation, indicating that the new deadlines applied to all parties. In response to CBRE's statement regarding jurisdictional issues, the Court noted there was no jurisdictional motion pending before the Court and instructed CBRE to file the appropriate motion if it wished to seek relief.[4]

On July 20, 2023, CBRE filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue ("Motion to Dismiss").[5] CBRE then filed the present Motion, on July 24, 2023, just four days before the deadline for initial disclosures.[6] CBRE did not request expedited ruling on the Motion.[7] Notwithstanding, the Court attempted to accommodate CBRE's tight timing by directing Walmart Inc., Third-Party Plaintiff, to file an opposition by the end of business July 26, 2023.

---

[1] Docket 38.
[2] *Id.*
[3] *Id.*
[4] Docket 39.
[5] Docket 40.
[6] Docket 45.
[7] Local Rule 7.3(a).

*Grossnickle v. Walmart*      Case No. 3:22-cv-00242-JMK
Order Granting Stipulation to Extend Deadlines      Page 2
Case 3:22-cv-00242-JMK    Document 52    Filed 07/27/23    Page 2 of 4

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."[8] Nevertheless, district courts have broad discretion to control discovery and, as such, may stay discovery when appropriate.[9] While Federal Rule of Civil Procedure Rule 26(c)(1) provides that the Court may issue a protective order limiting discovery upon a showing of good cause, neither the Federal Rules of Civil Procedure nor Ninth Circuit case law provides specific standards to assess whether a court should stay discovery pending a potentially dispositive motion.[10] Courts within this circuit often comment that a party seeking a stay of discovery "carries the heavy burden of making a 'strong showing' why discovery should be denied."[11]

## III. DISCUSSION

CBRE moves to stay discovery in this proceeding pending the outcome of their Motion to Dismiss, arguing this will reduce litigation expenses and there will be no prejudice to the remaining parties because fact discovery does not close until March 2024.[12] In opposition, Walmart contends, correctly, that CBRE has cited no authority to grant the

---

[8] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600–01 (D. Nev. 2011).
[9] *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011).
[10] *E.g.*, *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-0580-AC, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016).
[11] *See, e.g.*, *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018, at *1 (N.D. Cal. Mar. 16, 2018); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).
[12] Docket 45.

relief requested.[13] Walmart also points out that CBRE's Motion to Dismiss would not relieve CBRE of its discovery obligations, it would only change the time and location of conducting discovery.[14]

The FRCP do not contemplate a blanket stay of discovery when a dispositive motion is pending. CBRE has the burden of proving why discovery should be denied or stayed. It has not carried that burden and has not supported its arguments with any legal support.

The Court finds that the deadlines outlined in the Courts Order at Docket 39, will not cause CBRE prejudice due in part because those deadlines were requested through a stipulation to which CBRE joined. CBRE has failed to demonstrate good cause; therefore, CBRE's Motion to Stay is **DENIED**.

IT IS SO ORDERED this 27th day of July, 2023, at Anchorage, Alaska.

                                                            */s/ Joshua M. Kindred*
                                                           JOSHUA M. KINDRED
                                                           United States District Judge

---

[13] Docket 50.
[14] *Id.*

*Grossnickle v. Walmart*                          Case No. 3:22-cv-00242-JMK
Order Granting Stipulation to Extend Deadlines                Page 4
Case 3:22-cv-00242-JMK    Document 52    Filed 07/27/23    Page 4 of 4